ERICHSON v. SIDLO et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. VACATING JUDGMENT—ABSENCE OF WITNESS.

　　Under Laws 1896, c. 748, providing that a motion to vacate a judgment may be made for the causes specified in Code Civ. Proc. § 999, a judgment may not be vacated because of absence of a witness at the trial; section 999 providing for new trial on exceptions, or because the verdict was excessive or inadequate, or otherwise contrary to the evidence or the law.

2. NEW TRIAL—ABSENCE OF WITNESS—PROTECTING RIGHTS AT TRIAL.

　　Where a party, surprised by absence of a witness who was present in court the day before the trial, took no steps at the trial to protect his rights, he is not in a position to ask for a new trial because thereof.

Appeal from municipal court.

Action by Benno Erichson against Bohumil W. Sidlo and another, trading as the Artistic Marble Company. From an order setting

aside a judgment for defendants, and directing a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Robert Godson, for appellants.

Charles B. Mason, for respondent.

WOODWARD, J.   The action here involved was brought by the plaintiff to recover certain commissions alleged to be due him for contracts procured with third persons for the defendants. Upon the trial, judgment was entered in favor of the defendants. Subsequently the plaintiff made a motion, based upon affidavits alleging that one of his witnesses had failed to appear at the trial, and that his evidence was material to meet the testimony of one of the defendants, to set aside the judgment and for a new trial, under the provisions of chapter 748 of the Laws of 1896. It is provided by the statute cited that a motion to "vacate or modify any judgment rendered upon a trial by the court without a jury, may be made for the causes specified in section nine hundred and ninety-nine of the Code of Civil Procedure"; and it is provided that "notice of such motion of not less than five days nor more than eight days shall be given to the adverse party or his attorney, within five days after the rendition of the verdict, or the entry of the judgment," etc. We do not find in section 999 of the Code of Civil Procedure any provision for setting aside a verdict or judgment upon the grounds set forth in the affidavits attached to the motion papers; and it has been held that a justice of the municipal court has no power to grant a new trial upon the ground of newly discovered evidence (Prager v. Milk Co., 34 Misc. Rep. 193, 68 N. Y. Supp. 833, and authority cited), which is practically the basis on which the respondent asked for the order appealed from.

It appears that the plaintiff had the witness in court on the day previous to the trial, and it was apparent at the trial that the evidence of this witness was necessary, but no effort seems to have been made to postpone or adjourn the trial. Under such circumstances, it can hardly be said that the plaintiff has been denied any rights, if he is not permitted to go back and try his action over again. He has had his day in court. He had an opportunity to have his witnesses present, and, if he was surprised upon the trial, he might have taken steps to protect his rights. Having failed to do so, he cannot now be permitted to go outside of the provisions of the law, and to secure a new trial at the expense of the rights of the defendants.

The order appealed from should be reversed, with costs. All concur.